UNITED STATES OF AMERICA
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,      :      **SUMMARY ORDER DENYING**
                                                           :      **MOTION TO AMEND/CORRECT**
        **-**against-                            :      **SENTENCE**
                                                           :
VIRGILIO HICIANO,                     :      **DOCKET NO. 06-CR-265**
                                                           :
                Defendant.    :
------------------------------------------------------x

**DORA L. IRIZARRY, U.S.D.J. :**

       Defendant, moving *pro se*, requests that the court amend his sentence so that the sentences on counts one and three will run concurrently. (*See* Hiciano Motion for Specific Performance, Doc. Entry No. 466.) For the reasons set forth below, defendant's motion is denied.

       In reviewing defendant's motion, the court is mindful that, "[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

       Defendant previously filed a motion seeking the same relief. (*See* Hiciano Letter dated 4/4/11, Doc. Entry No. 435.)[1] On April 11, 2011, the court entered an Electronic Order clarifying for defendant the sentence that the court imposed on September 16, 2010:

> [T]he court clarifies the sentence imposed on September 16, 2010. As to count 1, 60 months in custody; as to count 2, time served to run consecutively to the term imposed on count 1; and as to count 3, 12 months to run consecutively to the terms imposed on both counts 1 and 2. By law, the sentences imposed on counts 2 and 3 must run consecutively to each other, as well as to the term

---

[1] In addition to the instant application, defendant made four subsequent additional applications seeking the same relief. *see,* Doc. Entry Nos. 440, 453, 469, and 473. These other applications are denied for the same reasons stated herein.

> imposed on count 1. However, defendant is entitled to receive credit for time already served in this case pending disposition and sentence, as well as any "good time" credit he has earned.

(*See* 4/11/11 ECF Order.)

To clarify further, the court imposed a sentence of 60 months custody on Count 1, which charged the defendant with a narcotics conspiracy. Count 1 carried a mandatory minimum sentence of 120 months, but the court downwardly departed from the mandatory minimum based upon the granting of the government's motion pursuant to U.S. Sentencing Guideline ("U.S.S.G.") § 5K1.1 and 18 U.S.C. § 3553(e) for defendant's substantial assistance to the government. Similarly, the court imposed a sentence of time served on Count 2, which charged the defendant with use and possession of a firearm in furtherance of a drug trafficking crime and carried a seven-year minimum prison sentence. The court imposed a sentence of 12 months of incarceration for Count 3, which charged defendant with bail jumping and carried no minimum sentence and a maximum of ten years. By operation of law, the bail jumping sentence **must** run consecutive to the sentences imposed on the other counts.

The court took into consideration the government's motion under U.S.S.G. § 5K1.1 for a downward departure and imposed a sentence significantly lower than the mandatory minimum sentences otherwise required under Counts 1 and 2, in light of defendant's cooperation with the government and his truthful testimony at the trial of codefendant Luis Batista. Significantly, the sentence imposed by the court downwardly departed substantially from the advisory sentencing guideline range of 360 months to life imprisonment. Defendant has no legal or factual basis for requesting that the court amend his sentences to have them run concurrently. To do so would make the sentences illegal. Accordingly, defendant's motion is denied. Moreover, defendant is advised that the court will not entertain any additional motions concerning this same request.

# CONCLUSION

Defendant's motion for specific performance is denied. Defendant is advised that the court will not entertain any additional motions seeking the same relief. As Defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 10, 2012

/s/
DORA L. IRIZARRY
United States District Judge