UNITED STATES OF AMERICA
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,  :     **SUMMARY ORDER DENYING**
                           :     **PETITION FOR "FAST TRACK"**
         -against-         :     06-CR-0265 (DLI)
                           :
VIRGILIO HICIANO,          :
                           :
         Defendant.        :
------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Defendant, moving *pro se*, submits a petition for the early disposition or "fast track" program. (*See* Petition for "Fast Track" Program ("Petition"), Doc. Entry No. 485.) The Government opposed the Petition because the requested relief is not available to defendant. (*See* Gov't Response Letter to Petition for "Fast Track" Program, Doc. Entry No. 486.) For the reasons set forth below, defendant's Petition is denied.

In reviewing defendant's Petition, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

On January 31, 2008, defendant pled guilty pursuant to a cooperation agreement to cocaine and cocaine base distribution conspiracy, using and carrying a firearm in relation to a drug trafficking crime, and bail jumping. In light of defendant's cooperation, the Court took into consideration the government's motion under United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 and 18 U.S.C. § 3553(e) for a downward departure and imposed a sentence totaling 72 months' imprisonment to run consecutively to the time he had already served.

Defendant now files a petition to be considered for the early disposition or "fast track" program, because he is an immigrant from the Dominican Republic and will be deported once his sentence is served. Defendant's request is based on an internal Department of Justice memorandum, dated January 31, 2012, entitled "Department Policy on Early Disposition or 'Fast Track' Programs." The "fast track" program is only available to those defendants charged with illegal re-entry into the United States in violation of 8 U.S.C. § 1326. Defendant is not eligible for the "fast track" program because he was not convicted of illegal re-entry. Moreover, under the "fast track" program a defendant must agree to enter into a plea agreement within 30 days of being taken into custody on federal criminal charges. Defendant violated his bail conditions by fleeing to the Dominican Republic and remained there for approximately a year before being extradited to the United States. Therefore, defendant is also ineligible for the "fast track" program, because he did not agree to plead guilty within 30 days of his arrest.

## CONCLUSION

Defendant's Petition is denied as defendant is not eligible for the "fast track" program based on the facts and circumstances of his case. As defendant has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 31, 2013

/s/
DORA L. IRIZARRY
United States District Judge