UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,     :    **SUMMARY ORDER**
                                                  :      06-cr-265 (DLI)
    -against-                          :
                                                  :
LUIS M. BATISTA, *pro se*,            :
                                                  :
              Defendant/Petitioner.    :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 26, 2009, Petitioner Luis M. Batista was found guilty after a jury trial of (i) conspiracy to distribute cocaine, cocaine base, and ecstasy; (ii) conspiracy to commit bank fraud; (iii) bank fraud; and (iv) obstruction of justice. (*See* Dkt. Entry No. 374 at 1.) Petitioner was sentenced on June 10, 2010, to 180 months of imprisonment on each count of conviction to run concurrently with one another, as well as five years of supervised release on Count One and three years of supervised release as to each of the remaining counts, all to run concurrently with one another. (*See id.* at 1-2.)

Petitioner appealed from the judgment of conviction. The Second Circuit Court of Appeals affirmed this court's conviction and sentence. *See U.S. v. Batista*, 684 F.3d 333 (2d Cir. 2012). Petitioner's request for a panel rehearing and rehearing *en banc* was denied on July 27, 2012. (*See* Dkt. Entry No. 500 at 1.) On February 25, 2013, the United States Supreme Court denied his petition for writ of certiorari. *See Batista v. U.S.*, 133 S. Ct. 1458 (2013). On January 2, 2014, Petitioner filed the instant motion for an extension of time to file a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255, challenging his sentence in the instant action. (Dkt. Entry No. 500.)

The Court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007). Thus, the Court interprets the motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by "[a] prisoner in custody under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). The one-year period runs from the date on which one of the latest of the following four events occurs:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f).

"[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because, prior to an actual filing, "there is no case or controversy to be heard." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (*per curiam*). Consequently, "a district court may grant an extension of time to file a motion pursuant to [S]ection 2255 only if (1) the moving party requests the extension upon or after filing an actual [S]ection 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. U.S.*, 260 F.3d 78, 82-83 (2d Cir. 2001). "Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under [S]ection 2255, a district court is empowered, and in some instances may be required, under *Haines* [*v. Kerner*,

2

404 U.S. 519 (1972),] to treat that motion as a substantive motion for relief under [S]ection 2255." *Green*, 260 F.3d at 83 (citations omitted).

Here, Petitioner has not yet filed a Section 2255 motion. Even considering the Court's duty to liberally construe *pro se* pleadings, Petitioner's request for an extension of time does not set forth any basis in fact or law for relief under Section 2255 and, thus, cannot be construed as a substantive motion for relief under Section 2255. *See Green*, 260 F.3d at 83-84. Accordingly, the Court does not have jurisdiction to consider the instant motion for an extension of time to file Petitioner's Section 2255 motion. *See Leon*, 203 F.3d at 164. If Petitioner decides to file a motion pursuant to Section 2255, he should file his petition timely or as soon as possible and include any arguments as to why the statute of limitations should be equitably tolled.

The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 10, 2014

                                                          /s/
                                        DORA L. IRIZARRY
                                United States District Judge